IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| SHERYL ANN PETERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-cv-00712-RK |
| | ) | |
| | ) | |
| COMMISSIONER OF SSA; | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is Plaintiff's appeal brought under 42 U.S.C. § 405(g) seeking review of Defendant Commissioner of Social Security Administration's ("SSA") denial of disability benefits as rendered in a decision by an Administrative Law Judge ("ALJ"). For the reasons below, the decision of the ALJ is **AFFIRMED**.

**Standard of Review**

The Court's review of the ALJ's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [ALJ's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account "evidence that detracts from the [ALJ's] decision as well as evidence that supports it." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (citing *Davis*, 239 F.3d at 966). The Court does not "re-weigh the evidence presented to the ALJ." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v. Barnhart*, 349 F.3d

549, 555 (8th Cir. 2003)). The Court must "defer heavily to the findings and conclusions of the [ALJ]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of overview, the ALJ determined Plaintiff had the following severe impairments: fibromyalgia, obesity, and mental impairments, variously diagnosed as major depressive disorder and generalized anxiety disorder. The ALJ also determined Plaintiff has the following non-severe impairments: hypertension, cellulitis, diabetes, liver cirrhosis, kidney cancer with her left kidney removed, and osteoarthritis in her knees and hips. However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equal the criteria of one of the listed impairments in 20 CFR Pt. 404, Subpt. P, App. 1 ("Listing"). Additionally, the ALJ found that despite her limitations, Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she could perform no climbing on ropes, ladders, or scaffolds. Plaintiff could occasionally climb on ramps and stairs, stoop, kneel, crouch, and crawl. Plaintiff should avoid concentrated exposure to vibration and work hazards, such as unprotected heights and dangerous moving machinery. Plaintiff is able to understand, remember, and carry out simple instructions consistent with unskilled work. Plaintiff can perform only simple decision-making related to basic work functions. Plaintiff can tolerate only minor, infrequent changes within the workplace, and where there are changes, they are introduced gradually. Plaintiff can tolerate occasional interaction with co-workers and supervisors. Plaintiff should avoid interaction with the general public. Although the ALJ found that Plaintiff is unable to perform any past relevant work, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, Plaintiff can perform jobs that exist in significant numbers in the national economy.

On appeal, Plaintiff claims the ALJ did not properly account for the persuasive prior administrative medical findings of a state agency consultant in formulating the RFC.

## Discussion[1]

Plaintiff argues the ALJ should have explained why the entirety of the persuasive prior administrative medical findings prepared by Dr. Charles W. Watson were not included in the RFC. Specifically, Plaintiff's argument centers on Dr. Watson's statements that Plaintiff had problems

---

[1] On review of the record, Defendant's briefing is found to be persuasive. Portions are incorporated herein without further attribution.

2

Case 4:22-cv-00712-RK   Document 11   Filed 02/27/24   Page 2 of 5

understanding and remembering detailed instructions and would be limited to brief, occasional, and superficial interaction with coworkers.

Although an RFC finding must have some support in the medical evidence, there is no requirement that the RFC be supported by medical opinion evidence. An RFC is an "administrative assessment"—not simply a medical assessment—and therefore "it is the responsibility of the ALJ, not a physician, to determine a claimant's RFC." *Boyd v. Colvin*, 831 F.3d 1015, 1020 (8th Cir. 2016). Furthermore, the regulations at 20 C.F.R. § 416.920c do not require the ALJ to adopt the opinion of any medical provider, stating "[w]e will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources." 20 C.F.R. § 416.920c(a). Thus, "there is no requirement that an RFC finding be supported by a specific medical opinion." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). Furthermore, while the responsibility for determining a claimant's RFC lies with the ALJ, the burden of persuasion to prove disability and to demonstrate the RFC remains on the claimant at all times. *See Eichelberger vs. Barnhart*, 390 F.3d. 584, 592 (8th Cir. 2004).

Here, the record indicates that the ALJ did not find *all* portions of Dr. Watson's findings persuasive. On August 29, 2019, Dr. Watson reviewed Plaintiff's records and found Plaintiff had moderate limitations in understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing herself. (Tr. 89.) Dr. Watson then made more specific findings regarding Plaintiff's limitations in each domain. (Tr. 95-96.) As Plaintiff highlights, Dr. Watson also noted Plaintiff would have problems understanding and remembering detailed instructions. (Tr. 95.) At the end of the form, Dr. Watson made the following findings:

> Claimant is capable of understanding, remembering and executing simple work instructions. Can tolerate limited interactions with general public and co-workers, where such interactions are brief, occasional and superficial. Can adapt to simple work settings where changes are introduced gradually.

(Tr. 96.)

The ALJ specifically referenced the above findings and found them persuasive. (Tr. 19.) The ALJ in particular found that the limitations expressed in the concluding explanation were persuasive, but he did not specifically find Dr. Watson's statements about detailed instructions

persuasive. The ALJ nonetheless added to the RFC that Plaintiff "is able to understand, remember, and carry out simple instructions consistent with unskilled work" and that "Plaintiff can perform only simple decision-making related to basic work functions." (Tr. 16.)

With regard to the social limitations, the ALJ was not required to include Dr. Watson's findings word-for-word in the RFC. "A determination that a prior administrative medical finding is persuasive does not obligate the ALJ to adopt that prior administrative medical finding in its entirety." *Walkup v. Kijakazi*, No. 3:20-CV-05033-DGK, 2021 WL 3465716, at *2 (W.D. Mo. Aug. 6, 2021). Indeed, in some respects the ALJ's RFC is more limited than Dr. Watson's opinion. Dr. Watson found Plaintiff capable of "limited interactions with general public" whereas the ALJ found Plaintiff should avoid interaction with the general public. (Tr. 16, 96.) The ALJ also found Plaintiff was significantly limited in social interaction in that she could tolerate only occasional interaction with co-workers and supervisors. (Tr. 16.)

Further, as Defendant notes, additional limitation to brief and superficial interaction is not required by the record. For example, Sean Sargent, Psy.D., performed a consultative psychological evaluation of Plaintiff and found she would not have significant difficulties interacting with others in a normal work setting. (Tr. 416.) Additionally, Plaintiff had a normal attitude and cooperative behavior in a variety of settings including therapy, consultative examinations, and treatment appointments, which all require more than brief and superficial interaction. (Tr. 416 (cooperative with psychological consultative examination); 423 (cooperative with physical consultative examination); 778 (cooperative during therapy evaluation); 788 (appropriate and cooperative attitude at therapy session). The ALJ was not required to include additional limitations on social interaction in the RFC.

An ALJ is "not required to rely entirely on a particular physician's opinion or choose between the opinions [of] any of the claimant's physicians." *Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011). Instead, an ALJ may properly develop an RFC based on all of the evidence. *Lockwood v. Colvin*, 627 F. App'x 575, 576 (8th Cir. 2015). "SSR 96-8p requires only that the evidence, both medical and non-medical, be discussed in a way that would support each conclusion, not that each conclusion must be individually discussed and independently supported." *Wilfong v. Berryhill*, Case No. 4:17-cv-2747-SNLJ, 2018 WL 4489453, at *4 (E. D. Mo. Sept. 19, 2018. As noted above, the ALJ may not have "linked [his] analysis to each particular RFC

4

limitation, but the totality of [his] analysis makes clear [he] followed the evidentiary pathway set forth in SSR 96-8p." *Id.* at *4.

### Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court concludes that substantial evidence on the record as a whole supports the ALJ's decision for the reasons set forth in the Commissioner's brief.

IT IS THEREFORE ORDERED that the decision of the ALJ is **AFFIRMED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: February 27, 2024